IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| RAJENDER K. SALGAM, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>ADVANCED SOFTWARE SYSTEMS, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 1:18-cv-00029<br>(AJT/TCB) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT ADVANCED SOFTWARE SYSTEMS, INC.'S**
**RULE 12(b)(6) MOTION TO DISMISS AND RULE 12(f) MOTION TO STRIKE**

Defendant Advanced Software Systems, Inc. ("ASSYST"), by counsel, and pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, files this Memorandum in Support of its Motion to Dismiss Plaintiffs Rajender K. Salgam's and Munusamy Kandasamy's Complaint and Motion to Strike Plaintiffs' demand for attorney's fees and costs.  Plaintiffs each assert an identical claim of breach of contract for ASSYST's alleged failure to grant stock options pursuant to their respective employment agreements executed on October 30, 2009. Plaintiffs' Complaint fails to state a claim for which relief can be granted and is also foreclosed pursuant to the statute of limitations.  Accordingly, the Complaint must be dismissed in its entirety.

Specifically, the applicable five-year statute of limitations required Plaintiffs to bring their action for alleged breach of contract for failure to grant stock options no later than October 2014.  Based on the allegations in the Complaint, Plaintiffs had knowledge of the alleged breach when 34 percent of the options vested and became exercisable on October 30, 2009.  Because Plaintiffs did not file their Complaint until January 5, 2018, their Complaint is time-barred and

1

should be dismissed.  Plaintiffs' Complaint should be dismissed also because the Complaint's allegations that ASSYST breached the contract by asserting an expiration date for the stock options fail to specify any contract term or any legally enforceable obligation that ASSYST allegedly violated.

Plaintiffs' attorney's fees demand should be struck because the employment agreements at issue do not provide for payment of such fees, and Plaintiffs failed to state any statutory or other basis for recovering such fees.

## STATEMENT OF FACTS[1]

ASSYST is a Virginia corporation with its principal place of business in Sterling, Virginia.  Compl.[2] ¶¶ 3-4.  Salgam and Kandasamy are residents of New Jersey and North Carolina, respectively.  *Id.* at ¶¶ 1-2, 13-14.

Salgam and Kandasamy were Chief Executive Officer and Chief Technology Officer of Leading Consultants, Inc. ("LeadingC"), a Pennsylvania corporation.  Compl. ¶¶ 5-7.  In October 2009, ASSYST purchased LeadingC's operations in the United States and India, pursuant to an Asset Purchase Agreement.  *Id.* at ¶¶20-21, Ex. A.[3]  The transaction's closing date was October 30, 2009.  Compl. ¶38, Ex. A at §2.1.  As a part of the Asset Purchase Agreement, Salgam and Kandasamy became employees of ASSYST, and each respectively executed an Employment Agreement with ASSYST.  Compl. ¶¶ 22-24, Exs. B, C.  Salgam's and Kandasamy's Employment Agreements with ASSYST are incorporated as part of the Asset Purchase Agreement.  Compl. ¶24-25.

---

[1] ASSYST disputes many of the facts alleged in the Complaint, including the date on which Salgram and Kandasamy received the stock option grant documents, which was in October 2009. However, for the purposes of this Motion to Dismiss only, the allegations are accepted as true.

[2] Complaint, ECF Dkt No. 1.

[3] All alphabetical exhibits referenced herein are exhibits to the Complaint, ECF Dkt No. 1.

Pursuant to the Employment Agreements and as a part of the purchase price and compensation, Salgam and Kandasamy each received a stock option for 200,000 shares of ASSYST.  Compl. ¶¶ 29, Ex. A at §1.4.2, Exs. B, C at § 6(b).  Section 6 of the Employment Agreement states, in relevant part, "[a]s his compensation for all services rendered to [ASSYST], during the Term of this Agreement . . . the Employee shall also receive stock options totaling 200,000 shares of [ASSYST] pursuant to the terms of [ASSYST's] Stock Option Plan at the $.82/share vested over 2 years (34% vested *upon closing*, 33% at the [sic] of 1st and 33% at the end of 2nd year)."  Exs. B, C at § 6(b) (emphasis added).  Accordingly, the initial 34 percent of the stock options to Salgam and Kandasamy vested on October 30, 2009, the second 33 percent vested on October 30, 2010, and the last 33 percent vested on October 30, 2011.  *Id.*, Compl. ¶¶ 39, 49, 59, 82, 83.

The Complaint alleges that, between October 30, 2009, and September 2013, Salgam and Kandasamy repeatedly expressed their intent to exercise their Non-Qualified Stock Option and requested documents required to do so.  Compl. ¶¶ 46, 53, 62, 66, 86.  Salgam received a document titled Grant of Non-Qualified Stock Option in April 2013. *Id.* at ¶ 75.  Kandasamy received a document titled Grant of Non-Qualified Stock Option in September 2013. *Id.* at ¶ 88. Both Grant documents are dated October 16, 2009, and specify that the option expires on October 29, 2012.  Exs. E & F.  Neither Salgam nor Kandasamy exercised their option on or before October 29, 2012.  Compl. ¶¶ 79 & 101.

Salgam was terminated by ASSYST for cause on January 7, 2013. Compl. ¶ 70. Kandasamy resigned from his position on April 15, 2014.  *Id.* at ¶ 100.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). The plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678). The "plausibility" standard also can be understood to mean that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007).

While a challenge to a complaint based on the statute of limitations is an affirmative defense, a Rule 12(b)(6) motion may seek dismissal based on an applicable statute of limitations when "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). In ruling on a motion to dismiss under Rule 12(b)(6), the courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a Rule 12(b)(6) motion to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 2509 (2007).

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike any insufficient matter from the pleading on its own or upon motion by a party.

**ARGUMENT**

Plaintiffs allege that ASSYST breached the Employment Agreements by: (1) failing to grant to them their Non-Qualified Stock Options (Compl. ¶¶ 111, 126); and (2) imposing an expiration date on which Plaintiffs may exercise their Non-Qualified Stock Options (Compl. ¶¶ 112, 127).  The first theory of breach is precluded under the applicable statute of limitations, and the second theory of breach is precluded because the Employment Agreement is silent on that matter and cannot be interpreted to impose an unknown, unstated obligation upon ASSYST.

I.      **Plaintiffs' Breach of Contract Claims are Time-Barred.**

        a.   **Virginia's five-year statute of limitations applies in this case.**

Plaintiffs' claims of breach of contract are governed by the Virginia statute of limitations. First, Plaintiffs bring their state common law claims based on diversity jurisdiction.  "A federal court sitting in diversity must apply the forum state's statute of limitations whenever the forum state would apply it."  *Virginia Electric & Power Co. v. Peters*, 2018 WL 1425965 *4 (E.D.Va. Mar. 22, 2018) (J. Gibney).  Second, the Employment Agreements that form the basis of their claims have a choice of law provision that specifies that the agreements "shall be governed by and construed in accordance with the law of the Commonwealth of Virginia."  *See* Exs. B, C at § 16.  Virginia Code § 8.01-246(2) proscribes an action for damages based on a written contract unless such action is brought within five years after the cause of action has accrued. A cause of action for breach of contract accrues upon the breach of performance.  Va. Code § 8.01-230. "[W]hile some injury or damages, however slight, is required for a cause of action to accrue, it is immaterial [for the purpose of statute of limitations] that all the damages resulting from the injury do not occur at the time of the injury."  *Hensel Phelps Construction Co. v. Thompson Masonry Contractor, Inc.*, 292 Va. 695, 707, 791 S.E.2d 734, 740 (2016) (internal citations and

quotations omitted).    Plaintiffs filed their Complaint in this matter on January 5, 2018.  Thus,

their claims are foreclosed if the alleged breaches occurred on or before January 5, 2013.

### b.  Alleged breach of performance occurred at least as early as October 30, 2009.

Based on the allegations in the Complaint, the alleged breach of the Employment

Agreements occurred at least as early as October 30, 2009.   Under the alleged Employment

Agreements, ASSYST was required to grant the stock options on or before October 30, 2009.

Plaintiffs allege and concede that, on October 30, 2009, 34 percent of their respective stock

options for the 200,000 shares vested and that they possessed, and were eligible to exercise, the

options.  *See, e.g.*, Compl. ¶ 40 ("Mr. Salgam and Mr. Kandasamy both intended to exercise

*their* vested Non-Qualified Stock Options that vested on or about October 30, 2009 . . . .")

(emphasis added); see also Compl.  ¶¶ 50-51, 53, 55, 60, 62, 66, 68-69, 83, 85-88, 96, 99 (Each

plaintiff's alleged attempts to exercise "*his* Non-Qualified Stock Options") (emphasis added).

They could not have tried to exercise the stock options that they did not own, and their

allegations establish that they possessed the options.  Because the right to exercise the options

cannot vest before the granting event, and because the options first vested on October 30, 2009,

Plaintiffs' own allegations presuppose that the options had been *granted* already when Plaintiffs

allegedly attempted to exercise them.   Accordingly, Plaintiff's cause of action for breach of

contract for ASSYST's alleged failure to grant the stock options accrued on October 30, 2009,

and the Plaintiffs were required to bring this action by October 30, 2014, more than three years

before the Plaintiffs actually filed their Complaint.

Plaintiffs' allegations that ASSYST prevented the Plaintiffs from exercising their options

by not providing necessary documents do not salvage Plaintiffs' Complaint.  Plaintiffs allege that

they attempted to exercise their options and were denied paperwork in 2009, 2010, 2011, and

between June 2011 and January 2013, more than five years before they filed their Complaint on

January 5, 2018.  *See* Compl. ¶¶ 46-47, 50, 53. 56, 62, 68, 86, 88.

> ### c.   Salgam's and Kandasamy's termination dates are not the dates on which their claims accrued.

Plaintiffs' allegations and vague suggestion that their cause of action did not accrue until

their employment terms ended also are inadequate to save their expired claims.  *See* Compl. ¶¶

111, 126.   Plaintiffs' position is unsupported by the plain language of the Employment

Agreements. While Section 6 of the Employment Agreements begins in part with the premise,

"during the Terms of this Agreement," that language is further qualified by each of the relevant

subsections.   Specifically, Subsection 6(b) reflects the parties' agreement that the grant occur

before the vesting events in the vesting schedule:  they must already have been granted such that,

under the Employment Agreements, they could be permitted to vest in accordance with the

schedule, i.e., "upon closing," "at the of [sic] 1st," and "at the end of 2nd year."   Accordingly,

Plaintiffs' suggestion that the Employment Agreements permitted the grant of the options at any

time during the term of employment, and particularly as late as the end of their employment

terms in 2013, fails to provide a valid basis to avoid dismissal of their claim.

Furthermore, ASSYST's alleged failure to permit Plaintiffs to exercise their stock options

"either prior to, or immediately upon the termination of" their employment, does not constitute a

continuous breach of the Employment Agreements.   Compl. ¶¶ 112, 128.   In *Westminster*

*Investing Corporation v. Lamps Unlimited, Inc.*, 237 Va. 543, 379 S.E.2d 316 (1989), the

Virginia Supreme Court clarified the application of the "continuous breach" exception to the

statute of limitations defense.  The plaintiff in that case was a lessee of a commercial lease space

in a shopping center, who sued the lessor for its failure to reinforce uniform business hours

contained in the lease executed in October 1976.  The plaintiff filed the complaint against the

defendant for breach of contract in October 1985, but alleged that the defendant failed to enforce the business hours since the beginning of the lease.  In opposition to the defendant's statute of limitations defense, plaintiff asserted that a new cause of action accrued every day that defendant failed to enforce the uniform business hours. The Virginia Supreme Court rejected that argument, concluding that the plaintiff's cause of action accrued when the defendant first failed to enforce the uniform business hour provision, and dismissed the case.  Similarly here, the alleged breach of contract for failure to grant stock options must have occurred first in October 2009.  Each and every day during the term of Employment Agreement that ASSYST did not permit Plaintiffs to exercise the stock options does not constitute a new accrual.  Thus, Plaintiffs' breach of contract claims are time-barred.

**II.     Imposing a Deadline to Exercise the Stock Options is Not a Breach of Contract, because the Employment Agreements Do Not Contain Terms relating to the Expiration of the Stock Options.**

Plaintiffs' allegations in support of their second breach-of-contract theory, i.e., that ASSYST breached the Employment Agreements by inserting an expiration date into the document that facilitated the grant of stock options, also fail to state a claim upon which relief can be granted.  Plaintiffs fail altogether to allege any fact that suggests that the Employment Agreements imposed a contractual duty on ASSYST not to apply any expiration date to the stock options. This failure is fatal to Plaintiffs' claim.

In order to state a breach of contract claim, Plaintiffs must allege (1) a legally enforceable obligation; (2) violation of that obligation by the defendant; and (3) damages resulting from that breach.  *Filak v. George,* 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004) (Affirming trial court's dismissal of a contract claim with prejudice for failure to state essential elements of the claim).  For a contract to be a legally enforceable obligation, "there must be mutual assent of the contracting parties to terms reasonably certain under the circumstances." *Allen v. Aetna Cas. &*

8

*Sur. Co.*, 222 Va. 361, 364, 281 S.E.2d 818, 820 (1981).  In addition, parol evidence may not serve as a basis "to vary, contradict, *add to*, or explain a complete, unambiguous, unconditional written instrument." *Amos v. Coffey*, 228 Va. 88, 92, 320 S.E.2d 335, 337 (1984) (emphasis added).  The law "demands that each party should receive the benefit of its bargain; no party is obligated to provide more than is specified in the agreement itself." *State v. Bowers*, 696 N.W.2d 255, 260 (Wis.App. 2005) (applying contract principles in plea agreement context and holding that state was not required to recommend that the sentences run concurrently when the agreement was silent as to whether state would recommend sentence to run concurrently or consecutively with another sentence).

Plaintiffs' allegations fail to plead a breach of contract claim that meets the requirements of Virginia contract law.  Plaintiffs' contention that ASSYST breached the Employment Agreements because ASSYST "had no contractual authority to place a time limit" on their stock options does not allege any contract provision on which they base their claim. Compl. ¶¶ 112, 127.  The Employment Agreements are absolutely silent as to when the right to exercise the stock options may expire; they do not impose any duty on ASSYST or Plaintiffs not to impose any expiration date.  While the Employment Agreements themselves do not contractually authorize ASSYST to apply an expiration date to the options, the Employment Agreements also do not prohibit ASSYST from doing so.  The Employment Agreements also do not specify whether the right to exercise the stock option granted under Subsection 6(b) must remain open for any particular period of time.  At most, the Employment Agreements' silence on this issue indicates that the parties did *not* agree in the Employment Agreements as to the imposition of expiration dates on the options.  ASSYST cannot be liable in contract for violating a nonexistent obligation or an obligation to which it did not assent.  Moreover, the Employment Agreements

contain a merger and integration clause, which states that "[t]his Agreement contains the *entire* agreement and supersedes all prior agreements and understandings . . . with respect to the subject matter hereof. . . ."  Exs. B, C at §14 (emphasis added).

Despite the absence of any provision in the agreements relating to authority to impose expiration dates, in an effort to salvage their time-barred contract claims, Plaintiffs have fabricated a contractual obligation where none exists in the contract.  Because Plaintiffs fail to allege that the Employment Agreements imposed a certain obligation upon ASSYST and that ASSYST violated that obligation, the Complaint fails to state a claim upon which relief can be granted.

### III.    Plaintiffs Failed to Show Their Entitlement to the Award of Attorney's Fees.

Plaintiffs seek an award of "attorney's fees, expert fees and costs of this action as may be permitted by law." Plaintiffs' request should be stricken because the Employment Agreements under which Plaintiffs bring this action have no provision permitting recovery of attorney's fees and costs, and Plaintiffs have not cited to any statutory or other authority permitting recovery of such fees.

In Virginia, "absent specific contractual or statutory provision to the contrary, attorney fees are not recoverable."  *Mullins v. Richlands Nat. Bank*, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991).  In *JTH Tax. Inc. v Whitaker*, 2007 WL2821830 at *3 (E.D.Va. Sept. 27, 2007) (J. Morgan), the Court granted a plaintiff's motion to strike attorney's fees from defendants' counterclaim based on a franchise agreement.  The Court agreed with the plaintiff that the franchise agreement had no provision for attorney's fees, and that the defendants did not cite to any statutory or other basis for which they may be entitled to attorney's fees.  *Id*.  Similarly here,

10

the Employment Agreements do not have a provision for attorney's fees and no statutory basis

exists to permit Plaintiffs to recover such fees.

## CONCLUSION

For all the foregoing reasons, Defendant Advanced Software Systems, Inc. respectfully

requests that the Court grant its motion and dismiss the Complaint in its entirety with prejudice

and strike Plaintiffs' request for attorney's fees and other costs.


                                                                 /s/
                                       Timothy M. McConville, VSB # 40099
Sara M. Sakagami, VSB #77278
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Ave., Suite 400, Reston, VA 20190
(703) 218-2100 (telephone)
(703) 218-2160 (facsimile)
timothy.mcconville@ofplaw.com
sara.sakagami@ofplaw.com
*Counsel for Advanced Software Systems, Inc.*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of April, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF), to all counsel of record.

Joshua Erlich
Davia Craumer
Katherine Herrmann
The Erlich Law Office, PLLC
2111 Wilson Blvd, Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 351-9292
jerlich@erlichlawoffice.com
dcraumer@erlichlawoffice.com
kherrmann@erlichlawoffice.com

                        /s/

Timothy M. McConville, VSB #40099
Sara M. Sakagami, VSB #77278
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Ave., Suite 400, Reston, VA 20190
(703) 218-2100 (telephone)
(703) 218-2160 (facsimile)
timothy.mcconville@ofplaw.com
sara.sakagami@ofplaw.com
*Counsel for Advanced Software Systems, Inc.*

046611/000010     #3827440v6

12