**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| RAJENDER K. SALGAM, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-00029 (AJT/TCB) |
| ADVANCED SOFTWARE SYSTEMS, INC. | ) ) ) | |
| Defendant. | ) ) | |

**EMERGENCY UNOPPOSED MOTION FOR LEAVE TO WITHDRAW**

Joshua Erlich, Katherine Herrmann, and Davia Craumer, being members of this Court, and herein referred to collectively as "Plaintiff's counsel," respectfully move for leave to withdraw as counsel to Plaintiff Munasamy Kandasamy ("Plaintiff" or "Mr. Kandasamy") in the above-captioned matter.

Mr. Kandasamy has consented to the withdrawal of Plaintiff's counsel and Defendant does not oppose this motion. Good cause for a mandatory withdrawal pursuant to the Virginia State Bar's Rules of Professional Conduct (the "Rules") arose in the last several days. Plaintiff's counsel comes to this Court swiftly and in an emergent fashion to remedy this concern.

**I.     PLAINTIFF'S COUNSEL HAS GOOD CAUSE TO WITHDRAW AS COUNSEL FOR MR. KANDASAMY.**

On September 10, 2018, this Court entered a Stipulation of Dismissal in this matter as to Mr. Kandasamy's co-Plaintiff, Rajender Salgam ("Mr. Salgam"). (Dkt. 26). Plaintiff's counsel represented both Mr. Salgam and Mr. Kandasamy.

A conflict has arisen due to facts and confidences learned by Plaintiff's counsel within the past several days. Plaintiff's counsel is bound by a duty of confidentiality to Mr. Salgam that continues even after the termination of the client-lawyer relationship. Rule 1.6, Comment 5. This duty creates competing interests for Plaintiff's counsel, who, based on the facts and confidences recently learned, find they are unable to provide zealous representation to Mr. Kandasamy while upholding their duty of confidentiality to Mr. Salgam.

> Pursuant to Rule 1.9(b):
>
> A lawyer *shall not knowingly represent a person* in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
> (1)   whose interests are materially adverse to that person; and
>
> (2)   *about whom the lawyer had acquired information* protected by Rules 1.6 and 1.9(c) that is material to the matter;

Rule 1.9(b) (emphasis added).

Rule 1.9(c) further prohibits a lawyer from using information "relating to or gained in the course of the representation" of a former client "to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known . . .". Rule 1.9, Comment 1 states, "[a]fter termination of a client-lawyer relationship, a lawyer may not represent another client except in conformity with this Rule."

Plaintiff's counsel's further representation of Mr. Kandasamy would run afoul of both Rules 1.6 and Rule 1.9(c), as obligations to Plaintiff's counsel's former client, Mr. Salgam, are in direct conflict with obligations to Plaintiff's counsel's current client, Mr. Kandasamy. The Rules require that an attorney for a given party be unshackled by unwaivable obligations that restrict his or her current representation. Mr. Kandasamy must, as the rules require, be represented by

counsel who is not bound by obligations to his former co-Plaintiff. This conflict is unwaivable and necessitates Plaintiff's counsel immediate, mandatory withdrawal from our representation of Mr. Kandasamy.[1]

## II. FURTHER RELIEF SOUGHT: EXTENSION OF DISCOVERY FOR LIMITED PURPOSES.

Discovery in this matter is scheduled to end on September 14, 2018. In addition, Mr. Kandasamy's deposition is scheduled on September 12, 2018 and Mr. Kandasamy has noticed a Rule 30(b)(6) deposition on September 13, 2018. Finally, Defendant filed a Motion to Compel on September 7, 2018 with a hearing on that motion noticed for September 14, 2018.

As a result of Plaintiff's counsel's mandatory withdrawal, Plaintiff requests, and Defendant does not oppose, staying the above-referenced matters and deadlines, as well as those dates laid out in the Scheduling Order (Dkt. 10), for twenty-one (21) days to allow Plaintiff to find new counsel. Pursuant to this stay, the following specific dates would be set in this matter (also set forth in attached Proposed Order):

1. Discovery would be extended for the limited purposes described below. The new discovery end date would be October 5, 2018.

    a. <u>Deposition of Plaintiff</u>. Mr. Kandasamy's deposition would be re-noticed for 9:30 a.m. on October 3, 2018, at a place duly noticed in Fairfax County by Defendant's counsel, unless the parties otherwise agree in writing.

---

[1] Plaintiff's counsel did not previously foresee a need to withdraw. Until recently, the analysis on the ethical issues in this matter did not raise concerns, as Mr. Salgam and Mr. Kandasamy had broadly aligned interests and any conflict between them remained waivable. Confidences recently shared by Mr. Salgam during the course of representation have resulted in Mr. Salgam's dismissal from this case and have substantially altered Plaintiff's counsel's analysis of conflict between Mr. Salgam and Mr. Kandasamy.

    b. <u>Rule 30(b)(6) Deposition</u>. The Rule 30(b)(6) deposition of Defendant previously noticed by Plaintiff's counsel would be removed, to be re-noticed by Mr. Kandasamy's replacement counsel solely as to the date, time, and the appropriate location within Fairfax County. The categories contained in Mr. Kandasamy's Rule 30(b)(6) deposition notice would remain the same, and Defendant's counsel reserves the right to object to these categories.

    c. <u>Hearing on Motion to Compel</u>. Defendant's Motion to Compel would be heard on September 28, 2018.

    d. <u>No New Discovery and Supplemental Discovery</u>. The parties shall not issue any new discovery requests, including without limitation new notices of deposition, during the extended discovery period. Supplemental discovery responses to written discovery that has already been issued are permitted within this extended discovery period.

Plaintiff's counsel has filed a notice of waiver of hearing in an attempt to bring this matter to a conclusion as quickly as possible.

WHEREFORE, for the reasons set forth herein, the movants respectfully request that the Court grant this Motion for Leave to Withdraw as Counsel and grant the corresponding extension of discovery for limited purposes as set forth above and in the attached Proposed Order.

Respectfully submitted,

Dated: September 10, 2018

By:   /s/
Joshua Erlich (VA Bar No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd
Suite 700
Arlington, VA 22201

                                                               Tel: (703) 791-9087
                                                               Fax: (703) 722-8114
                                                               jerlich@erlichlawoffice.com

                                                               *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2018 the foregoing was filed electronically with the Clerk of the Court to:

Timothy McConville, VSBN 40099
Praemia Law, PLLC
11710 Plaza America Drive, Suite 2000
Reston, Virginia 20190
(931) 588-8018 (telephone)
(703) 871-5111 (facsimile)
Timothy.McConville@praemialaw.com

Luke Archer, VSBN 81815
Praemia Law, PLLC
11710 Plaza America Drive, Suite 2000
Reston, Virginia 20190
(931) 588-8018 (telephone)
(703) 871-5111 (facsimile)
Luke.archer@praemialaw.com

*Counsel for Advanced Software Systems, Inc.*

The foregoing Waiver of Hearing was served on the following via U.S. Mail to:

Munusamy Kandasamy
3613 Rosewood Landing Drive
Castle Hayne, NC 28429
*Plaintiff*

                            /s/
                       Joshua Erlich (VA Bar No. 81298)
                       Davia Craumer (VA Bar No. 87426)
                       Katherine L. Herrmann (VA Bar No. 83203)
                       The Erlich Law Office, PLLC
                       2111 Wilson Blvd, Suite 700
                       Arlington, VA  22201
                       Tel:    (703) 791-9087
                       Fax:   (703) 351-9292
                       Email: jerlich@erlichlawoffice.com
                               dcraumer@erlichlawoffice.com
                               kherrmann@erlichlawoffice.com

                       *Counsel for Plaintiff*