**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| MUNUSAMY KANDASAMY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVANCED SOFTWARE )<br>SYSTEMS, INC., )<br>)<br>Defendant. )<br>_____) | Case No. 1:18-cv-00029 (AJT-TCB) |

## ASSYST'S AMENDED ANSWER TO COMPLAINT

Defendant Advanced Software Systems, Inc. ("Assyst") responds to the correspondingly-numbered paragraphs of Plaintiff's Complaint ("Complaint") as follows:

The allegations in the unnumbered paragraph in the Complaint immediately preceding the "Parties and Relevant Non-Parties" heading assert conclusions of law, as opposed to allegations of fact, to which no response is required; to the extent that a response is required to this unnumbered paragraph, these allegations are denied.

### Parties and Relevant Non-Parties

1. Assyst lacks sufficient information to form a belief as to the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2. Assyst lacks sufficient information to form a belief as to the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3. Assyst admits that it is a Virginia corporation, that it has more than 20 years of experience in bringing proven methodologies and processes, global expertise in application development, and a legacy of best practices to federal, state, and local governments and Fortune

500 companies, as well as other clients, and that it provides, among other services, program management, enterprise, application services, enterprise content management, and health I.T. services. All allegations in Paragraph 3 of the Complaint inconsistent herewith are denied.

4. Assyst admits the allegations in Paragraph 4 of the Complaint.

5. Assyst admits that Leading Consultants, Inc. ("LeadingC") is a Pennsylvania corporation and that LeadingC has provided software solutions in the area of Computer Telephony Integration, Interactive Voice Response (IVR), and technology related to speech recognition to customers that included banks and at least one insurance company. Assyst lacks sufficient information to form a belief as to the remaining allegations in Paragraph 5 of the Complaint and therefore denies the same.

6. Assyst admits that Salgam has served as the Chief Executive Officer of LeadingC. The remaining allegations in Paragraph 6 of the Complaint are denied.

7. Assyst admits that Plaintiff has served as the Chief Technology Officer of LeadingC. The remaining allegations in Paragraph 7 of the Complaint are denied.

8. Assyst admits the allegations in Paragraph 8 of the Complaint.

9. Assyst admits the allegations in Paragraph 9 of the Complaint.

## Jurisdiction and Venue

10. The allegations in Paragraph 10 of the Complaint set forth conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

11. The allegations in Paragraph 11 of the Complaint set forth conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

12. Assyst admits the allegations in Paragraph 12 of the Complaint.

13. Assyst lacks sufficient information to form a belief as to the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. Assyst lacks sufficient information to form a belief as to the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. Assyst admits that Plaintiff is seeking more than $75,000.00 in this suit. All remaining allegations in Paragraph 15 of this Complaint are denied.

16. Assyst admits that it is subject to the personal jurisdiction of this Court and that it regularly conducts business within this judicial district. All remaining allegations in Paragraph 16 of this Complaint are denied.

17. The allegations in Paragraph 17 of the Complaint set forth conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied. Assyst is not contesting venue in this action.

## Factual Allegations

18. Assyst admits that, beginning in approximately early Summer 2009 and prior to entering into the Asset Purchase Agreement on October 30, 2009, it engaged in due diligence regarding the purchase of LeadingC's assets. Assyst denies the remaining allegations in Paragraph 18 of the Complaint.

19. Assyst admits that it reviewed LeadingC's business finances, interviewed certain customers and employees, and took inventory of LeadingC's assets, including its software products. Assyst denies the remaining allegations in Paragraph 19 of the Complaint.

20. Assyst admits that on October 30, 2009, LeadingC, through Salgam and Plaintiff, entered into the Asset Purchase Agreement with Assyst. Assyst denies the remaining allegations in Paragraph 20 of the Complaint. There is no labeled "Exhibit A" to the Complaint.

21. Assyst admits that the Asset Purchase Agreement, among other things, set forth the terms by which Assyst purchased assets of LeadingC. With regard to the remaining allegations in Paragraph 21 of the Complaint, the Asset Purchase Agreement speaks for itself and all allegations inconsistent therewith or attempting to paraphrase the language of the Asset Purchase Agreement are denied.

22. Assyst denies the allegations in Paragraph 22 of the Complaint.

23. Assyst denies the allegations in Paragraph 23 of the Complaint

24. Assyst denies the allegations in Paragraph 24. Assyst states that the Asset Purchase Agreement and employment agreement for Plaintiff speak for themselves. Assyst further denies the allegation that Plaintiff's employment agreement is attached as Exhibit B to the Complaint because Complaint does not appear to have a labeled "Exhibit B."

25. Assyst denies the allegations in Paragraph 25. Assyst states that the Asset Purchase Agreement and employment agreement for Plaintiff speak for themselves. Assyst further denies the allegation that Plaintiff's employment agreement is attached as Exhibit C to the Complaint because Complaint does not appear to have a labeled "Exhibit C."

26. Assyst admits that Paragraph 6 of the employment agreements describe, in part, Salgam's and Plaintiff's "compensation for all services rendered to [Assyst], during the Term of this Agreement, in whatever capacity rendered . . . ." Assyst denies the remaining allegations in Paragraph 26 of the Complaint as paraphrased. The employment agreements speak for themselves.

27. Assyst admits that Salgam's and Plaintiff's employment agreements provide that: "Subject to the provisions of Paragraph 8 hereof, the term of Employee's employment by the Corporation under this Agreement shall commence on the Effective Date hereof and is intended to continue for four (4) years ('Term') unless earlier terminated as provided in Paragraph 8 herein."

Assyst denies the remaining allegations in Paragraph 27 of the Complaint as paraphrased. The employment agreements speak for themselves.

28. Assyst denies the allegations in Paragraph 28 of the Complaint. The employment agreements speak for themselves.

29. Assyst denies the allegations in Paragraph 29 as paraphrased. The employment agreements speak for themselves.

30. Assyst denies the allegations in Paragraph 30 of the Complaint. The contractual documents speak for themselves.

31. Assyst denies the allegations in Paragraph 31 of the Complaint.

32. Assyst admits that the Corporation Stock Option Plan is not listed on the "Schedules" page of the Asset Purchase Agreement and states that the plan was provided to Salgam and Plaintiff on October 30, 2009. Assyst denies the remaining allegations in Paragraph 32 of the Complaint.

33. Assyst admits the allegations in Paragraph 33 of the Complaint

34. Assyst admits the allegations in Paragraph 34 of the Complaint.

35. Assyst admits the allegations in Paragraph 35 of the Complaint; however, Mr. Kumar is no longer the CEO of Assyst.

36. Assyst admits the allegations in Paragraph 36 of the Complaint. Mr. Mandal is now also the CEO of Assyst.

37. Assyst admits the allegations in Paragraph 37 of the Complaint with the exception that Mark Gaeto was from "Falcon Capital Partners, LLC" not "Falon Advisors." This response should not be understood to mean that the referenced individuals were necessarily the only individuals present. Assyst denies the remaining allegations in Paragraph 37 of the Complaint.

38. Assyst admits the closing date of the Asset Purchase Agreement was October 30, 2009. Assyst denies the remaining allegations in Paragraph 38 of the Complaint.

39. Assyst admits that the employment agreements state in part: "The Employee shall also receive stock options totaling 200,000 shares of [Assyst] pursuant to the terms of [Assyst's] Stock Option Plan at the $.82 / share vested over 2 years (34% vested upon closing, 33% at the of 1st and 33% at the end of 2nd year)." The remaining allegations of Paragraph 39 of the Complaint are denied as paraphrased. The employment agreements speak for themselves.

40. Assyst denies the allegations in Paragraph 40 of the Complaint.

41. Assyst admits that Salgam and Plaintiff were eligible employees to participate in Assyst's Employee Stock Ownership Plan ("ESOP"). Assyst denies the remaining allegations in Paragraph 40 of the Complaint as phrased.

42. Assyst denies the allegations in Paragraph 42 of the Complaint. The employment agreement speaks for itself.

43. Assyst denies the allegations in Paragraph 43 of the Complaint.

44. Assyst denies the allegations in Paragraph 44 of the Complaint.

45. Assyst denies the allegations in Paragraph 45 of the Complaint. Kumar visited the New Jersey office twice.

46. Assyst denies the allegations in Paragraph 46 of the Complaint.

47. Assyst denies the allegations in Paragraph 47 of the Complaint.

48. Assyst denies the allegations in Paragraph 48 of the Complaint.

49. Assyst admits that the employment agreement states in part: "The Employee shall also receive stock options totaling 200,000 shares of [Assyst] pursuant to the terms of [Assyst's] Stock Option Plan at the $.82 / share vested over 2 years (34% vested upon closing, 33% at the of

1st and 33% at the end of 2nd year)." The remaining allegations of Paragraph 49 of the Complaint are denied as paraphrased. The employment agreement speaks for itself.

50. Assyst denies the allegations in Paragraph 50 of the Complaint.

51. Assyst denies the allegations in Paragraph 51 of the Complaint.

52. Assyst lacks sufficient information to form a belief as to the allegations in Paragraph 52 of the Complaint and therefore denies the same.

53. Assyst denies the allegations in Paragraph 53 of the Complaint.

54. Assyst denies the allegations in Paragraph 54 of the Complaint.

55. Assyst denies the allegations in Paragraph 55 of the Complaint.

56. Assyst denies the allegations in Paragraph 56 of the Complaint. Salgam never sent the quoted language or his "email" purportedly attached as Exhibit D to the Complaint. The document referenced as Exhibit D to the Complaint is a fraud and was fabricated in order to bolster Salgam's and Plaintiff's claims.

57. Assyst denies the allegations in Paragraph 57. Ms. Bounacos never sent the quoted response. The "email" from Ms. Bounacos purportedly attached as Exhibit D to the Complaint is a fraud and was fabricated in order to bolster Salgam's and Plaintiff's claims.

58. Assyst denies the allegations in Paragraph 58 of the Complaint. Salgam never sent the "email" purportedly attached as Exhibit D to the Complaint. The document referenced as Exhibit D to the Complaint is a fraud and was fabricated in order to bolster Salgam's and Plaintiff's claims.

59. Assyst admits that the employment agreement states in part: "The Employee shall also receive stock options totaling 200,000 shares of [Assyst] pursuant to the terms of [Assyst's] Stock Option Plan at the $.82 / share vested over 2 years (34% vested upon closing, 33% at the of

1st and 33% at the end of 2nd year)." The remaining allegations of Paragraph 39 of the Complaint are denied as paraphrased. The employment agreement speaks for itself.

60. Assyst denies the allegations in Paragraph 60 of the Complaint.

61. Assyst denies the allegations in Paragraph 61 of the Complaint.

62. Assyst denies the allegations in Paragraph 62 of the Complaint.

63. Assyst denies the allegations in Paragraph 63 of the Complaint.

64. Assyst denies the allegations in Paragraph 64 of the Complaint.

65. Assyst denies the allegations in Paragraph 65 of the Complaint.

66. Assyst denies the allegations in Paragraph 66 of the Complaint.

67. Assyst denies the allegations in Paragraph 67 of the Complaint.

68. Assyst denies the allegations in Paragraph 68 of the Complaint.

69. Assyst denies the allegations in Paragraph 69 of the Complaint.

70. Assyst admits the allegations in Paragraph 70 of the Complaint.

71. Assyst denies the allegations in Paragraph 71 of the Complaint.

72. Assyst denies the allegations in Paragraph 72 of the Complaint.

73. Assyst denies the allegations in Paragraph 73 of the Complaint.

74. Assyst denies the allegations in Paragraph 74 of the Complaint.

75. Assyst denies the allegations in Paragraph 75 of the Complaint.

76. Assyst denies the allegations in Paragraph 76 of the Complaint. Moreover, the document titled "Grant of Non-Qualified Stock Option" speaks for itself.

77. Assyst denies the allegations in Paragraph 77 of the Complaint.

78. Assyst admits that the copy of the document titled "Grant of Non-Qualified Stock Option" provided to Salgam's counsel in April 2013 is not signed by Salgam. The remaining allegations in Paragraph 78 of the Complaint are denied.

79. Assyst denies the allegations in Paragraph 79 of the Complaint.

80. Assyst denies the allegations in Paragraph 80 of the Complaint. The employment agreement speaks for itself.

81. Assyst denies the allegations in Paragraph 81 of the Complaint.

82. Assyst admits that the employment agreement states in part: "The Employee shall also receive stock options totaling 200,000 shares of [Assyst] pursuant to the terms of [Assyst's] Stock Option Plan at the $.82 / share vested over 2 years (34% vested upon closing, 33% at the of 1st and 33% at the end of 2nd year)." The remaining allegations of Paragraph 82 of the Complaint are denied as paraphrased. The employment agreement speaks for itself.

83. Assyst denies the allegations in Paragraph 83 of the Complaint.

84. Assyst admits that the employment agreement states in part: "The Employee shall also receive stock options totaling 200,000 shares of [Assyst] pursuant to the terms of [Assyst's] Stock Option Plan at the $.82 / share vested over 2 years (34% vested upon closing, 33% at the of 1st and 33% at the end of 2nd year)." The remaining allegations of Paragraph 84 of the Complaint are denied as paraphrased. The employment agreement speaks for itself.

85. Assyst denies the allegations in Paragraph 85 of the Complaint.

86. Assyst denies the allegations in Paragraph 86 of the Complaint.

87. Assyst denies the allegations in Paragraph 87 of the Complaint.

88. Assyst denies the allegations in Paragraph 88 of the Complaint.

89. Assyst denies the allegations in Paragraph 89 of the Complaint. Moreover, the document titled "Grant of Non-Qualified Stock Option" speaks for itself.

90. Assyst denies the allegations in Paragraph 90 of the Complaint.

91. Assyst denies the allegations in Paragraph 91 of the Complaint.

92. Assyst denies the allegations in Paragraph 92 of the Complaint.

93. Assyst denies the allegations in Paragraph 93 of the Complaint.

94. Assyst denies the allegations in Paragraph 94 of the Complaint.

95. Assyst denies the allegations in Paragraph 95 of the Complaint.

96. Assyst denies the allegations in Paragraph 96 of the Complaint.

97. Assyst denies the allegations in Paragraph 97 of the Complaint.

98. Assyst admits that the employment agreement states in part: "The Employee shall also receive stock options totaling 200,000 shares of [Assyst] pursuant to the terms of [Assyst's] Stock Option Plan at the $.82 / share vested over 2 years (34% vested upon closing, 33% at the of 1st and 33% at the end of 2nd year)." The remaining allegations of Paragraph 98 of the Complaint are denied as paraphrased. The employment agreement speaks for itself. Assyst states that it granted Salgam and Plaintiff the stock options in compliance with its obligations.

99. Assyst denies the allegations in Paragraph 99 of the Complaint.

100. Assyst admits the allegations in Paragraph 100 of the Complaint.

101. Assyst denies the allegations in Paragraph 101 of the Complaint.

## Count I

Count I has been dismissed with prejudice and does not require a response. Salgam is no longer a party to this matter. To the extent a response is required, the allegations in Count I, specifically Paragraphs 102 – 115 of the Complaint, are denied.

## Count II

116. Assyst incorporates its responses to the foregoing allegations of the Complaint.

117. Assyst admits that the employment agreement was a written agreement between Plaintiff and Assyst. Assyst denies that it still "is" a contractual arrangement between them.

118. Assyst admits that the employment agreement states in part: "The Employee shall also receive stock options totaling 200,000 shares of [Assyst] pursuant to the terms of [Assyst's] Stock Option Plan at the $.82 / share vested over 2 years (34% vested upon closing, 33% at the of 1st and 33% at the end of 2nd year)." The remaining allegations of Paragraph 118 of the Complaint are denied as paraphrased. The employment agreement speaks for itself. Assyst states that it granted Plaintiff the stock options in compliance with its obligations.

119. Assyst admits that the "Term" of the employment agreement commenced on the Effective Date of the employment agreement and continued for four years. The remaining allegations of Paragraph 119 are denied as paraphrased.

120. Assyst denies the allegations in Paragraph 120 of the Complaint.

121. Assyst denies the allegations in Paragraph 121 of the Complaint.

122. Assyst denies the allegations in Paragraph 122 of the Complaint.

123. Assyst denies the allegations in Paragraph 123 of the Complaint.

124. Assyst admits the allegations in Paragraph 124 of the Complaint.

125. Assyst denies the allegations in Paragraph 125 of the Complaint. Assyst states that it granted Plaintiff the stock options to him in compliance with its obligations.

126. Assyst denies the allegations in Paragraph 126 of the Complaint.

127. Assyst denies the allegations in Paragraph 127 of the Complaint.

128. Assyst denies the allegations in Paragraph 128 of the Complaint.

129. Assyst denies the allegations in Paragraph 129 of the Complaint.

130. Assyst denies the allegations in Paragraph 130 of the Complaint.

## Prayer for Relief

Assyst denies that Plaintiff is entitled to any judgment against it under the Complaint and further denies that Plaintiff is entitled to any damages, recovery, or other relief. Assyst denies that it is liable or indebted to Plaintiff for the amounts sued for and denies that Plaintiff is entitled to the relief sought or any other relief and shall call upon Plaintiff for strict proof of all liability and damages and other relief. Any allegations not expressly admitted herein are denied.

## Affirmative Defenses

In addition to the denials and responses set forth above, which are incorporated herein, Assyst asserts the following affirmative defenses without assuming any burden of proof that otherwise belongs to Plaintiff. Assyst reserves the right to raise any and all additional defenses, including affirmative defenses, that may become apparent at any time during the course of this litigation.

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claim is barred by the statute of limitations.

3. Plaintiff's claim fails because plaintiff committed the first material breach of his employment agreement and other documents consisting of the "integrated instrument," *see Parr v. Alderwoods Grp., Inc.*, 268 Va. 461, 467 (2004), including the Asset Purchase Agreement and the Non-Competition Agreement. Plaintiff violated, *inter alia*, Section 4(b) of his employment agreement and Section 2.1 of the non-competition agreement.

4. Plaintiff's claim fails due to impossibility on the part of Plaintiff's lack of ability to exercise his stock options.

5. Plaintiff's claim fails because Plaintiff failed to comply with conditions precedent to exercise his stock options.

6. Plaintiff's claim fails due to fraud. Plaintiff misrepresented information concerning litigation, liabilities, and legal disputes relating to LeadingC during the due diligence process and at the time of the Asset Purchase Agreement.

7. Recoupment, both common law and statutory, and setoff. Assyst is entitled to a credit and/or an excess amount due to Plaintiff's breaches of contract and/or fraud and also due to the overpayment of approximately $15,000 made to Plaintiff by Assyst concerning the fourth quarter of 2009 during the course of his employment.

8. Plaintiff's claim is barred, in whole or in part, by laches. Plaintiff delayed too long before bringing this claim.

9. Plaintiff's claim is barred, in whole or in part, by unclean hands.

10. Plaintiff's claim fails because Assyst granted Plaintiff his stock options pursuant to its obligations to do so.

11. Plaintiff failed to mitigate any damages.

12. Plaintiff brought this case for improper purposes and in bad faith, including the use of fabricated documents in support of his claim.

WHEREFORE, in consideration of the foregoing, Assyst requests this Court to dismiss the Complaint against it with prejudice and grant Assyst other and further relief as requested herein or otherwise deemed appropriate by this Court.

Respectfully submitted,

                /s/
Timothy McConville, VSBN 40099
Luke Archer, VSBN 81815
PRAEMIA LAW, PLLC
11710 Plaza America Drive, Suite 2000
Reston, Virginia 20190
(703) 624-1776 (McConville telephone)
(931) 588-8018 (Archer telephone)
(703) 871-5111 (facsimile)
Timothy.McConville@praemialaw.com
Luke.Archer@praemialaw.com
*Co-counsel for Advanced Software Systems, Inc.*

14

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 28, 2018, I filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will then send notification of this filing to the following filing users:

Robert Stone Porter, IV, Esq., VSB # 78934
THE SPIGGLE LAW FIRM
4830 31st Street South, Suite A
Arlington, VA 22206
(202) 449-8527 (telephone)
(202) 540-8018 (facsimile)
rporter@spigglelaw.com
*Counsel for Plaintiff Munusamy Kandasamy*

                                                                         /s/
                                                           Luke Archer