UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MUNUSAMY KANDASAMY,

    Plaintiff,

v.       Civil Action No. 1:18-cv-00029 (AJT/TCB)

ADVANCED SOFTWARE
SYSTEMS, INC.,

    Defendant.

## MEMORANDUM OPINION & ORDER

THIS MATTER comes before the Court on Non-Party Erlich Law Office's ("ELO") Motion to Quash Defendant's Subpoena ("Mot.") (Dkt. 60).[1] ELO's Motion relates to Defendant's discovery pertaining to a potential fraud upon the Court. On November 16, 2018, this Court granted (Dkt. 57) Defendant's Motion to Compel Limited Discovery and to Stay Due to Fraud Upon the Court (Dkt. 50). The Court granted Defendant sixty (60) days to conduct limited discovery into whether Plaintiff and/or his former co-Plaintiff, Rajender Salgam, intentionally altered emails and produced them with knowledge of their falsity. On November 21, 2018, Defendant issued a subpoena for documents to ELO with a return date of December 13, 2018. (Def.'s Opp'n at 2, Ex. 1.) On December 6, 2018, ELO moved to quash the subpoena. Defendant filed its opposition on December 14, 2018 and ELO filed its reply on December 18, 2018. The matter is now ripe for a decision. For the following reasons, the Court finds that the crime-fraud exception applies and that

---

1. Other filings considered by the Court are Defendant's Memorandum in Support of Assyst's Motion to Compel Limited Discovery and to Stay Due to Fraud Upon the Court (Dkt. 51) (Mem. Supp. Mot. Stay); Defendant's Opposition to Erlich Law Office's Motion to Quash Defendant's Subpoena (Dkt. 74) ("Def.'s Opp'n); and ELO's Reply to Defendant's Opposition (Dkt. 76) ("Reply").

ELO's Motion to Quash shall be denied.

ELO, a non-party, previously represented both Plaintiff and his former co-Plaintiff, Rajender Salgam, in this litigation. ELO served as counsel for Plaintiff and Mr. Salgam when Plaintiffs commenced this action on January 5, 2018. However, on September 10, 2018, ELO filed an emergency motion to withdraw as counsel (Dkt. 27), which the Court granted on September 11, 2018 (Dkt. 28). During the course of ELO's representation, ELO "came into possession of documents responsive to Defendant's subpoena by virtue of its representation" of Plaintiff and Mr. Salgam. (Mot. at 2.) ELO claims many of the responsive documents are protected by attorney-client and work-product privileges and moves to quash Defendant's subpoena on those grounds. (Id.)

A court "must quash or modify a subpoena" if compliance with the subpoena would require "disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45 (d)(3)(A)(iii). Therefore, a court would be required to quash a subpoena upon a proper assertion of attorney-client or work-product privileges. Because this is a diversity action involving a single state law claim, Virginia privilege law applies.[2] See FED. R. EVID. 501; see also Koch v. Specialized Care Servs., Inc., 437 F. Supp. 2d 362, 368 (D. Md. 2005); Adair v. EQT Prod. Co., 285 F.R.D. 376, 380 (W.D. Va. 2012). In applying state law, federal courts sitting in diversity must interpret and apply the law in accordance with the state's highest court.[3] See Koch, 437 F. Supp. 2d at 374. However, if the law is unclear then a federal court sitting in diversity "has [an] obligation

---

2. Although Defendant cites to a great deal of case law in its opposition, the majority, if not all, of the cases cited involve application of federal common law and are mostly inapplicable in this instance.

3. The Virginia Rules of Evidence provides that "[e]xcept as may be provided by statute, the existence and application of the attorney-client privilege in Virginia, and the exceptions thereto, shall be governed by the principles of common law as interpreted by the courts of the Commonwealth in the light of reason and experience." VA. SUP. CT. R. 2:502. Upon a review by the undersigned, the Court could find no statutory provision governing the application of exceptions to the attorney-client privilege. Therefore, the Court looks to, and must follow, the Virginia Supreme Court's rulings on the matter.

2

to interpret the law . . . as it appears that the [state's highest court] would rule." Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999).[4] Should the need arise to "forecast a decision of a state's highest court," a court may consider, among other sources, the state's trial court decisions. Id. at 528 (citing Liberty Mut. Ins. Co. v. Triangle Indus., 957 F.2d 1153, 1156 (4th Cir. 1992)).

It is well-settled in Virginia that "[c]onfidential communications between attorney and client made during the course of the relationship and that relate to the subject matter of the attorney's employment are privileged from disclosure." Owens-Corning Fiberglas Corp. v. Watson, 413 S.E. 2d 630, 638 (Va. 1992) (citation omitted). "However, the privilege does not permit a litigant to commit a fraud upon a court." Id. (citing Seventh Dist. Comm. v. Gunter, 183 S.E.2d 713, 719 (Va. 1971)). "The protection which the law affords to communications between attorney and client has reference to those which are legitimately and properly within the scope of a lawful employment and *does not extend* to communications made in *contemplation* of a crime, or *perpetration of a fraud.*" Gunter, 183 S.E.2d at 719 (emphasis added) (citation omitted).

With regard to "fraud on the court," however, the Virginia Supreme Court has not provided a precise definition.[5] See State Farm Mut. Auto. Ins. Co v. Remley, 618 S.E. 2d 316, 320 (Va. 2005) (listing factors to consider but not a specific test or standard to apply); French v. Painter, 86 Va. Cir. 344, 2013 WL 8216337, at *8 (Va. Cir. Ct. 2013) ("[T]he the Supreme Court of Virginia has not defined the phrase 'fraud on the court.'"). However, the Supreme Court has stated that a

---

4. If the state's highest court "has not spoken on the point" then, under some circumstances, "federal authority may not be bound even by an intermediate state appellate ruling." C.I.R. v. Bosch's Estate, 387 U.S. 456, 465 (1967) (noting, however, that "decrees of lower state courts should be attributed some weight" (quotation and citation omitted)).

5. Additionally, the Court could not locate a Virginia Supreme Court decision detailing the burden of persuasion a movant must meet before the attorney-client privilege is abrogated. However, several Virginia Circuit Court decisions have adopted the prima facie standard. See Patel v. Allison, 54 Va. Cir. 155, 2000 WL 33650022, at *2 (Va. Cir. Ct. Oct. 30, 2000); Peterson v. Fairfax Hospital, 32 Va. Cir. 294, 1993 WL 946382, at *2 (Va. Cir. Ct. Dec. 21, 1993); Petter v. Acevedo, 31 Va. Cir. 7, 1993 WL 945900, at *1 (Va. Cir. Ct. Jan. 6, 1993).

3

controlling factor to consider in a fraud on the court analysis is "whether the misconduct tampers with the judicial machinery and subverts the integrity of the court itself." Owens-Corning, 413 S.E. 2d at 638 (quoting U. Bus. Commc'ns, Inc. v. Racal–Milgo, Inc., 591 F. Supp. 1172, 1186 (D. Kan. 1984)); see also Sevachko v. Commonwealth, 544 S.E. 2d 898, 903-04 (Va. Ct. App. 2001).

In applying the fraud upon a court exception, the Virginia Supreme Court has held that a communication between an attorney and client that involves a crime or fraudulent scheme "abrogates" the attorney-client privilege. Gunter, 183 S.E.2d at 719. Specifically, should a client fail to "disclose his fraudulent purpose there is no confidential relationship established, and no attaching privilege." Id. (citation omitted). In Owens-Corning, the Supreme Court of Virginia found that the trial court did not err in applying the fraud exception where a party submitted a false interrogatory in a separate proceeding. 413 S.E. 2d at 637-39. Similarly, in Gunter, the Supreme Court affirmed the trial court's rejection of the attorney-client privilege after "communications alleged to be privileged were made in the furtherance of the commission of an intended fraud" and the submittal of a deliberately falsified document to a tribunal. 183 S.E. 2d at 717-20. Specifically, the defendant in Gunter intentionally misrepresented to his attorneys a material fact by providing them with a doctored document. Id.

Here, the Court already found at the November 16, 2018, hearing that a prima facie showing of fraud had been met and that the crime-fraud exception applied. (Hr'g Tr. 7:8-19.) Prior to that hearing, Defendant presented a substantial amount of evidence establishing that emails produced by Plaintiff and Mr. Salgam had been doctored. (Mem. Supp. Mot. Stay at 7-11.) Those altered emails would have likely served as critical evidence in Plaintiff's case-in-chief. Moreover, Defendant's latest filing provides additional evidence that either Plaintiff or Mr. Salgam or both

were involved in committing a potential fraud on the court. (Def.'s Opp'n at 4-6.) This type of conduct, fabricating material evidence, certainly qualifies as a fraud on the court as it "tampers with the judicial machinery and subverts the integrity of the court itself." Owens-Corning, 413 S.E. 2d at 638. Like in Gunter, Plaintiff and/or Mr. Salgam appear to be involved with intentionally misrepresenting material facts to ELO (former counsel) and to this Court. As a result, the existence of a fraud on the court abrogates the attorney-client privilege in this instance. Thus, ELO must produce any responsive documents it claims are protected by attorney-client privilege.

Further, the instant fraud upon the court also abrogates the attorney work-product privilege. Although the undersigned could not locate a Virginia Supreme Court case directly addressing the application of the crime-fraud exception to the attorney work-product privilege, it stands to reason that the same principle applies. See Gunter, 183 S.E.2d at 719. Moreover, several Virginia Circuit Courts have already held that the crime-fraud exception applies to the work-product privilege. See Peterson, 1993 WL 946382, at *1 ("Just as the crime-fraud exception may serve to open attorney-client communications to review, so too, it may afford access to protected work product."); Petter, 1993 WL 945900, at *1 (rejecting party's argument that an attorney "must be an 'active' participant in the fraud to vitiate" the work-product privilege (citing Gunter, 183 S.E.2d at 719)). Therefore, ELO must produce all responsive documents it claims are protected by attorney work-product privilege.[6] However, because no evidence has been put forth to indicate ELO was involved in the fraud, ELO should be allowed to redact any documents covered by the work-product privilege to the extent they contain ELO's "opinion work product."[7] See In re Grand Jury

---

6. The Court also finds that Defendant has made a sufficient showing of substantial need and undue hardship. VA. SUP. CT. R. 4:1; Peterson, 1993 WL 946382, at *1.

7. This would apply to ELO's work product, not any notes or markings made by Mr. Salgam or Plaintiff. (Def.'s Opp'n at 10-11.)

Proceedings, 33 F.3d 342, 348-49 (4th Cir. 1994); cf. Peterson, 1993 WL 946382, at *1 (applying federal law).

Accordingly, it is hereby

ORDERED that ELO's Motion to Quash (Dkt. 60) is DENIED. ELO shall produce all responsive documents no later than 5:00 p.m. on Friday, January 11, 2019. ELO is allowed to make any redactions it believes are appropriate to shield its opinion work product from disclosure.

The Clerk is directed to forward copies of this Memorandum Opinion & Order to counsel of record.

ENTERED this 7th day of January, 2019.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia